Fike v. Lower.

---

E. E. FIKE, RECEIVER, APPELLEE, V. RAY A. LOWER ET AL., APPELLANTS.

FILED APRIL 21, 1923. No. 22335.

1. **Mortgages:** DEED AS SECURITY. A deed absolute on its face, when given as security for a debt, will be held to be a mortgage.

2. **Evidence** examined, and *held* to sustain the findings and judgment of the trial court.

APPEAL from the district court for Saunders county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Jamieson, O'Sullivan & Southard*, for appellants.

*Stewart, Perry & Stewart* and *Robert Van Pelt*, contra.

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY, JJ.

DAY, J.

This action was brought by E. E. Fike as receiver of the Valparaiso State Bank, hereinafter referred to as the bank, against Ray A. Lower, Zetta Lower, his wife, and William C. Elmelund. The purpose of the action was to have a certain warranty deed to lots 1 and 2, in

block 12, in the village of Valparaiso, executed by Ray A. Lower and his wife, Zetta Lower, on October 24, 1919, to William C. Elmelund, and by the latter by quitclaim deeded to the bank, declared to be a mortgage in favor of the bank; that an accounting be taken of the amount owing by Ray A Lower to the bank; and that the deed, if found to be a mortgage, be foreclosed.

Ray A. Lower admitted in his answer that he and his wife, Zetta Lower, executed a warranty deed conveying to said William C. Elmelund the property above described, and that the deed was filed for record November 12, 1919; that on the 20th day of September, 1919, for a valuable consideration he conveyed to Zetta Lower, his wife, the property above described, and that she thereby became vested with the title to said property; that on October 24, 1919, the said Zetta Lower entered into a contract with the said Elmelund, whereby he agreed to purchase the said lots for the sum of $15,000, and that in pursuance of such agreement the deed of October 24, 1919, was signed by himself and said Zetta Lower; and that said Elmelund has failed to pay any part of the consideration for the deed.

Zetta Lower, in a cross-petition, alleged that on October 24, 1919, the lots above described were her separate and individual property, having been conveyed to her by Ray A. Lower, her husband, for a valuable consideration on September 20, 1919, and that the deed was recorded on May 18, 1920. She further alleged that on October 24, 1919, she sold the premises to William C. Elmelund for an agreed sum of $15,000; that a deed was executed by her husband and herself to said Elmelund; that the consideration of $15,000 was never paid by Elmelund; that the agreement to pay said sum on the part of Elmelund was not made in good faith, but for the purpose of wrongfully and deceitfully obtaining from her the title to said property, and of defrauding her out of the same; that after obtaining the title to the property the said Elmelund transferred the same to the

Valparaiso State Bank; that said bank was not a *bona fide* purchaser for value, and had notice and knowledge of her rights to said premises. She prayed that the deed of October 24, 1919, be canceled and held for naught; that the deed from Elmelund to the bank be also canceled, and that the title to said lots be quieted and confirmed in her.

Elmelund also filed a cross-petition, in which he claimed an interest in the lots subject to the claim of the bank thereto; but, as no appeal has been taken by him from an adverse judgment against his claim in his cross-petition, no notice need be taken thereof. With respect to the claim of the Lowers, the trial court found that the deed of October 24, 1919, was given in trust to secure an indebtedness due from Ray A. Lower to the bank; that Ray A. Lower owed the bank $48,500; that the deed, while absolute on its face, was in fact a mortgage; and entered a decree foreclosing the said deed as a mortgage. From this judgment Ray A. Lower and Zetta Lower have appealed.

We first consider the evidence as bearing upon the transaction of October 24, 1919. The testimony on behalf of the plaintiff tended to show that at that time Ray A. Lower was largely indebted to the bank; that he had been its cashier and general manager, and had so conducted the affairs of the bank, and so juggled the entries in the books, that the true condition of the bank's affairs and of the amount of his indebtedness was difficult to ascertain. Interested parties were called in, as well as a representative of the department of trade and commerce, and it was agreed by Lower that he would transfer this property to Elmelund to protect the bank against loss by reason of his misconduct of the bank's affairs.

Elmelund's version of what occurred is that the property was to be transferred to him to protect the bank, as well as himself, from losses.

On the other hand, Lower and his wife both testified

that the transfer of the property by them to Elmelund for $15,000 was an out and out sale to Elmelund for that sum.

In view of all of the circumstances and the evidence upon this phase of the case, we are impressed that the plaintiff's version of the transaction is the true account, and that the transfer of the property was made to Elmelund in trust for the protection of the bank against loss arising by Lower's misconduct of the bank's affairs. It has frequently been held that a deed absolute on its face, when given as security for a debt, will be regarded as a mortgage.

With respect to the claim by Zetta Lower that on October 24, 1919, the property in question belonged to her individually, the testimony in her behalf tends to show that Ray A. Lower on September, 20, 1919, conveyed this property to her by deed, which deed was not recorded until May 18, 1920. Her claim is that marital difficulties had arisen between herself and her husband, culminating in a divorce proceeding instituted by her, and that in consideration of a dismissal of the divorce proceeding, and a reconciliation between the parties, Lower had deeded this property to her. In support of her contention a deed to the property, purporting to be dated September 15, 1919, and purporting to be acknowledged on September 20, 1919, was introduced in evidence. Testimony of other witnesses also tended to show that they had seen this deed in the possession of Mrs. Lower during the month of September. On the other hand, the notary public who took the acknowledgement testified that the deed from Lower to his wife was acknowledged on May 17, 1920, and dated back by Ray A. Lower. The evidence is clearly irreconcilable. In view of the entire record, however, we are convinced that the testimony of the notary public is true.

It is urged by the appellants that, in the accounting between Lower and the bank, it appears that he does not owe the bank anything. The testimony respecting

the accounting is extremely complicated. It is apparent that the accounts have been juggled, transferred and falsified for the purpose of concealing the true state of the bank's affairs. One of the experts who examined the books and traced the entries from one bank to another concludes that Lower's personal indebtedness to the bank amounts to $40,500. If interest were added to the several items comprising this sum of $40,500 from the dates on which the indebtedness arose, it would equal or exceed the amount of the indebtedness which the court found Lower owed the bank.

Without discussing other features of the evidence, we have become convinced from an examination of the entire record that the judgment of the trial court is fully sustained, and that it should be affirmed.

AFFIRMED.